IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JANET M. JONES**                                                                                              **PLAINTIFF**

**V.**                                                                          **CIVIL ACTION NO. 3:20-CV-310-DAS**

**KILOLO KIJAKAZI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                                          **DEFENDANT**

## MEMORANDUM OPINION

The plaintiff, Janet M. Jones, seeks judicial review of the Social Security Administration's decision denying her application for Social Security disability benefits. The Commissioner's final decision found that Jones was disabled but only after her date last insured, limiting her to possible Supplemental Security Income benefits. The court has reviewed and considered the record, briefs, and oral argument. Having also considered the applicable regulations and case law in this matter, the court finds the decision of the Commissioner of Social Security must be reversed and the case remanded.

## Facts

The plaintiff, Janet M. Jones, filed for benefits on August 24, 2017, alleging onset of disability commencing on August 1, 2017. She amended the date of onset at the hearing to August 10, 2016. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued a partially favorable decision. (Dkt. 9, p. 24-32).[1]

---

[1] The administrative record is Docket 9. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

The ALJ determined the plaintiff had the following severe impairments: diabetes milletus with neuropathy, obesity, osteoarthritis in her knees and ankles in both legs, and degenerative disc disease of the lumbar spine. She is morbidly obese with BMIs ranging from the mid-fifties to the mid-sixties. R. 454, 444, 438. The ALJ found Jones retained the residual functional capacity (RFC) to perform a limited range of sedentary work. The ALJ determined the plaintiff could not, as of August 10, 2016, perform her past relevant work as a laundry worker and a private sitter, which are performed at the medium and light levels of exertion. He found Jones was disabled as of September 27, 2018, per Medical Vocational Rule 201.10 (R. 31-32).

The ALJ assigned Jones' date of onset before the date last insured, December 31, 2018. He found Jones became disabled on that date because of the change in her age category, from a younger individual to an individual closely approaching advanced age. The ALJ set her date of onset at six months prior to her fiftieth birthday.

The Appeals Council granted the request for review and amended the decision to find that the plaintiff was disabled but only as of March 26, 2019, her fiftieth birthday.  R. 13-16. It held the ALJ incorrectly found a borderline age situation existed and misapplied Hearings, Appeals and Litigation Law Manual (HALLEX) I-2-2-42. R 14.  It held that a "borderline age situation is not applicable," and therefore her actual birthday, less than three months after her date last insured was her date of onset. The  Appeals Council's decision disqualified Jones from disability benefits. This timely appeal followed.

## Analysis

The plaintiff asserts two errors.  She argues the ALJ improperly omitted her need to elevate her legs from her residual functional capacity and that the Appeals Council decision improperly established her date of onset given her need to elevate her legs while sitting.

**Need to Elevate Legs**

The plaintiff argues that the ALJ erred in formulating the RFC when he did not include her need to elevate her legs while working. Based on the testimony of the vocational expert, if the plaintiff needed to keep her legs elevated while working, there would be no jobs in the national economy she could perform.

The plaintiff testified that she elevated her legs while sitting for one to two hours each day and that she elevated her legs on several pillows while in bed. R. 50. This helped to reduce but did not eliminate the swelling and pain in her legs. She testified that this was done on the instruction of her care providers at the Aaron Henry Clinic. On October 28, 2016, Jones was seen for swelling and pain in her legs. She was told to elevate her feet. R. 383. On March 17, 2017, she was again instructed to elevate her legs and wear compression socks every day. She was started on medications to lessen fluid build-up.

While these instructions are not found later in her medical records, with the primary focus thereafter being on her ever-worsening knee problems, the instruction was not lifted. Significantly, her medical records show the problem with swelling and pain in her legs persisted throughout the time under consideration. In multiple visits, Jones was found to have dependent edema in both legs, with complaints of pain, not just in her knees, but in her lower legs. The level of edema varied from mild edema to +4 pitting edema, with the condition worsening periodically. Part of the problem was that Jones would run out of Lasix, but the ALJ specifically found her noncompliance was because Jones' inability to pay for the medications. These complaints of pain and varying degrees of edema were found in a dozen different visits through the last of the records in January 9, 2019.

The problem for the court is that whether the plaintiff must elevate her legs while seated is critical to determining when she became disabled. Here this critical issue is not addressed in the ALJ's opinion. While the restriction is not included, the ALJ neither explicitly rejected the limiting instructions from the healthcare providers, nor provided explanation for rejecting this apparent limitation documented in the treatment records. The court simply cannot tell if the ALJ intended to reject or simply overlooked this restriction. Without some explanation on this issue, the court cannot conduct meaningful appellate review. *Audler v. Astrue,* 501 F.3d 446 (5th Cir. 2007). On remand the ALJ shall explain his consideration of the medical records indicating a need to elevate the legs while sitting.

### **Borderline Age**

The court notes prejudicial, plain error by the Appeals Council in the handling of the review.

The ALJ erred procedurally in his decision because he did not expressly acknowledge he was dealing with a borderline age situation. But as the Appeals Council noted, the ALJ found the plaintiff disabled exactly six months prior to her birthday or on September 27, 2018 and was applying the age categories non-mechanically. His decision provided her with disability insurance benefits, not just SSI benefits.

The Appeals Council substantively erred in failing to recognize that Jones presented a borderline age situation, and erroneously concluded it was obliged to use her actual birthday. The Appeals Council changed the date of the plaintiff's onset to March 26, 2019, her fiftieth birthday, eighty-five days after her date last insured.

In changing the ALJ's decision, the Appeals Council stated:

> The Administrative Law Judge incorrectly found that a borderline age situation existed and misapplied HALLEX I-2-2-42 in applying the age categories non-

mechanically, the administrative law judge found that the claimant's age category changed from a younger individual to an individual closely approaching advanced age on September 27, 2018, six months prior to the claimant's birth date, and found the claimant disabled beginning September 27, 2018 based on the direct application of the Medical Vocational Rule 201.10. The administrative law judge found the claimant not disabled prior to September 27 2018 based on the framework of the medical vocational rule 201.1. **However since a borderline age situation is not applicable, HALLEX I-2-2-42 requires that the agency use the date in which the claimant attained her chronological age to establish disability onset, which is March 26, 2019.** Accordingly the Appeals Council finds the claimant disabled beginning March 26, 2019, but not prior thereto. (Emphasis added).

The Appeals Council failed to recognize the obvious borderline age situation. The AC rather that the ALJ erred. This HALLEX provides that the "SSA will not apply age categories mechanically in a borderline situation." If a clamant is "within a few days to a few months of reaching an older category … and using the higher age category would result in a determination of a decision that the claimant is disabled, SSA will consider whether to use the higher age category after evaluating the overall impact of all the factors of the case. " *Id.*

The HALLEX asks two questions to determine if there is a borderline age situation.  If both questions are answered in the affirmative, the claimant is  a borderline age case  First, is the claimant's age within a few days to not more than six months of the higher category as of the date of an adjudication or the date last insured.? *Id.* at paragraph B.  The answer is yes.  Jones' birthday was within three months of her date last insured, and days before the ALJ's decision.  The second question is whether using the higher age category will result in changing the decision from "not disabled" to "disabled. " The ALJ using the higher age category six months before Jones' birthday resulted in a decision she

was disabled during the insured period. Because the answer to both questions is yes, this case presents a classic borderline age case.

The Appeals Council, like the ALJ, was required to consider using the higher age category to provide a date of onset before Jones' birthday. Instead the Appeals Council found the HALLEX required the "Agency to use the date on which the claimant attained her chronological age to establish the onset." This is plainly wrong. The HALLEX does not mandate use of the chronological age. To the contrary it mandates consideration of using an earlier date to allow benefits. The result of this misapplication by the Appeals Council was a prohibited mechanical application of the age categories.

## Conclusion

The court reverses the decision of the Commissioner and remands the case. The ALJ shall reconsider and/or clarify his RFC determination regarding whether the claimant is required to elevate her legs while sitting. Also, the Commissioner is directed to reconsider the date of onset in accordance with HALLEX I-2-2-42 in this borderline age situation.

**THIS** the 8th day of March, 2022.

/s/ David A. Sanders  
**U.S. MAGISTRATE JUDGE**